

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD MANN
ATTORNEY GENERAL

Honorable H. C. Marshall
County Attorney
Morton, Texas

Dear Sir:

Opinion No. O-3058
Re: Whether county superintendent
is required to approve vouchers
of Bledsoe Independent School
District.

In your letter of January 18, 1941, you request our opinion as to whether vouchers drawn on the funds of Bledsoe Independent School District, in Cochran County, should be approved by the county superintendent before being paid. Said district was organized and created by special act of the Legislature in 1926, H. B. 352, First Called Session, Thirty-ninth Legislature, Ch. 18, p. 53, Special Laws. It contains and we understand has always contained less than 150 scholastics. You further advise that heretofore the practice has been to have the school superintendent approve such vouchers.

Section 2 of the Act creating the district reads as follows:

"Sec. 2.   That said Bledsoe Independent School District shall have and exercise and it is hereby vested with all the rights, powers, privileges and duties of a town or village incorporated under the General Laws of the State for free school purposes only and the board of trustees of said district shall have and exercise and is hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the General Laws of this State, now in force or hereinafter enacted, upon the trustees of independent school districts."

Article 2763, Revised Civil Statutes, provides:

"All incorporated districts, having each fewer than one hundred and fifty scholastics according to the last census, shall be governed in the general administration of their schools by the laws which apply to common school districts; and all funds of such districts shall be kept in the county depositories and paid out on order of the trustees approved by the county superintendent."

Under the quoted language of the Act creating the district we think Article 2763 applies and the vouchers drawn by the trustees should be approved by the school superintendent before they are paid. It is our opinion that in vesting the trustees of the district with the powers and duties conferred and imposed by the general laws of the State upon the trustees of independent school districts, the Act had reference to the general laws concerning independent school districts of the same classification. As we interpret the language of Section 2 of the Act creating the district it expressly directs that the general law be followed in reference to the disbursement of the district's funds. It was competent for said Act to so direct. Pres v. Darrouzett Independent School District, 277 S.W. 751. Our answer to your question is an affirmative one.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    /s/ Glen R. Lewis
         Glenn R. Lewis

GRL:LM

Approved: Jan 30, 1941
/s/ GERALD C. MANN
      Attorney General of Texas

Approved:    Opinion Committee
                   By B.W.B. Chairman